

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Yongping Zhou | ) | |
| Plaintiff | ) | **08CV4938** |
| | ) | |
| vs. | ) | **JUDGE BUCKLO** |
| | ) | **MAGISTRATE JUDGE COX** |
| Francis Dolan | ) | |
| Stephen Tyma | ) | |
| Scott D. Pollock | ) | |
| Scott D. Pollock P.C., | ) | |
| Defendants | ) | |

**RECEIVED**
Aug 28. 2008
AUG 2 8 2008 T C
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COMPLAINT**

1. This is a civil right lawsuit brought by the Plaintiff Yongping Zhou, a victim of the fraud and conspiracy between Cook County Circuit Court judge Francis Dolan and his ex parte buddies attorneys Stephen Tyma and Scott D. Pollock based on these defendants' ex parte' conspiracy and frauds during the period when Cook County Circuit Court judge Francis Dolan presided the civil case No. 03 M1-159148 of Cook County Circuit Court,in which defendant Tyma represented the opposite party Scott D. Pollock P.C.. Compensatory and punitive damages are sought against the defendants judge Francis Dolan and attorneys Stephen Tyma and Scott D. Pollock; defendant Francis Dolan is employed as a judge by Cook County Circuit Court of Illinois State; defendant Stephen Tyma is working as licensed lawyer at 105 W. Madison Ste 2200, Chicago IL 60602; defendant Scott D. Pollock Tyma is the owner of Scott D. Pollock P.C., is working as licensed lawyer at 105 W. Madison Ste 2200, Chicago IL 60602.

2. This action is brought pursuant to 42 U.S.C.§ 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States, *frauds, conspiracy* .

3. This Court has the jurisdiction pursuant of 28 U.S.C.§ 1331, 1332, and 1343.

4. The Plaintiff Yongping Zhou has been Michigan resident for 6 years and temporarily resided with his friend's home, he is moving to San Diego California now; his mailing address is:   P.O. Box 2649, Garden City, MI 48136;   he will inform this court his new address in CA soon.

5. The defendant Francis Dolan for all time material to this Complaint, was the judge of Cook County Circuit Court of Illinois State, a state judicial officer, and was acting within the scope of his authority as a judge under the color of state law and continues to be so employed; defendants Stephen Tyma involved and benefited from the conspiracy and frauds between judge Francis Dolan and attorney Stephen Tyma, who represented Scott D. Pollock P.C., and directly benefited attorney Scott D. Pollock. Neither defendant Stephen Tyma and defendant Scott D. Pollock reported defendant Dolan's illegal misconduct to Judicial Board of Illinois State or Illinois State Supreme Court or to request defendant judge Dolan to disqualify himself from this case No. 03 M1-159148.

6. On August 30, 2006, there was no courtroom hearing in the case No. 03 M1-159148 of Cook County Circuit Court; judge Francis Dolan presided this case and Plaintiff and Scott D. Pollock P.C. are the party in this case, defendant Stephen Tyma represented Scott D. Pollock P.C.. However, defendant Francis Dolan and defendant Stephen Tyma made ex parte conspiracy and plot to dismiss Plaintiff's Counterclaim in this case, they plotted on August 30, 2006 by making up two different-version orders for defendant Francis Dolan to rule in the hearing of next day August 31, 2006; see Exhibit 1, defendant Tyma's first email on August 30, 2006 to Plaintiff and its attachment "Order083106.pdf(51k)", and see Exhibit 2, defendant Tyma's second email on August 30, 2006 to Plaintiff and its attachment "Order083106.pdf(53k)".   They are two different versions of **"Order083106"**, first version of this order is **51k** size, second version of this order is **53k** size, larger size; it proved that there were a lot of ex parte conspiracy and communications between defendant judge Dolan and defendant Tyma on August 30, 2006, they were really working very hard to draft the "Order083106" for next day August 31, 2006's hearing, defendant Dolan made up his mind to favor defendant Stephen Tyma

2

by dismissing Plaintiff's legal-malpractice-lawsuit against defendant Tyma's client Scott
D. Pollock P.C., which is the other party in this case No. 03 M1-159148. Defendant Tyma
must be too crazy happy and insane for defendant Dolan's favorite and their successfully
ex parte dirty buddies relationships, stupidly emailed twice to Plaintiff.

7. On August 31, 2006, there was a pretrial conference in this case No. 03 M1-159148; at
the beginning of that hearing, defendant Dolan gave Plaintiff his order, drafted by
defendant Stephen Tyma, see the Exhibit 3. Plaintiff immediately pointed out to rebut
defendant judge Dolan that the whole 5 pages draft order had never been argued
previously and he (defendant judge Dolan) had never made these 24 findings before and
he had NEVER ruled that 4 points before ----- he (defendant judge Dolan) was not God
who could predict what arguments of both parties would be made in advance for the
August 31, 2006's hearing in advance, what he (defendant judge Dolan) would rule, it
was conspiracy between defendant Dolan and defendant Tyma in violation of law and
rule that defendant Tyma already drafted the order for the August 31, 2006's hearing, then
he (defendant judge Dolan) served this order in the beginning of the August 31, 2006's
hearing to tell Plaintiff that he will sign this order for today (August 31, 2006)'s hearing.
Because Plaintiff caught defendant Dolan and defendant Tyma right there in the August
31, 2006's hearing, defendant Dolan did not sign this order, see Exhibit 3. Thus, their
conspiracy and frauds to dismiss Plaintiff's lawsuit failed, after Plaintiff caught their
conspiracy. Their failed conspiracy did not change the facts that defendant Dolan and
defendant Tyma had committed conspiracy and had ex parte relationships; defendant
Dolan acted in violation of law and rule to conspired with defendant Tyma in this case.

8. After the August 31, 2006's hearing, Plaintiff checked his email and found defendant
Tyma's two emails of August 30, 2006, it just accurately proved that on August 30, 2006,
defendant Dolan and defendant Tyma had conspired together to make up his order for the
next day August 31, 2006 hearing, they modified this draft order at least twice. In the
next day August 31, 2006's hearing, in the beginning of this hearing, defendant Dolan
served the-second-version order to Plaintiff, to inform Plaintiff that he would sign this

3

order for today (August 31, 2006)'s hearing.

Because on August 30, 2006, Plaintiff was driving from Detroit Michigan home to Chicago for the next day August 31, 2006 hearing, so Plaintiff did not find out defendant Tyma's two emails before this hearing. However, their plotted drafted in advance was caught by Plaintiff in the beginning of the August 31, 2006 hearing when defendant Dolan served this order to Plaintiff.

After Plaintiff found out defendant Tyma's two emails as steel-rocky evidences to prove the conspiracy between defendant Dolan and defendant Tyma, Plaintiff filed Motion For The Issue of Judge Dolan's Disqualification Based On Illinois Code Of Judicial Conduct and personally served the copy to defendant Dolan's chamber. In the coming next hearing, Plaintiff asked defendant Dolan to hear and rule on Plaintiff's Motion For The Issue of Judge Dolan's Disqualification Based On Illinois Code Of Judicial Conduct; defendant Dolan threatened Plaintiff that he (defendant judge Dolan) would immediately throw Plaintiff into the jail as contempt if Plaintiff insisted on requesting him (defendant judge Dolan) to hear and rule on Plaintiff's Motion For The Issue of Judge Dolan's Disqualification Based On Illinois Code Of Judicial Conduct. See Exhibit 4, the Motion For The Issue of Judge Dolan's Disqualification Based On Illinois Code Of Judicial Conduct.

Although defendant judge Dolan's misconducts and conspiracy with defendant Tyma were caught by the evidences of the emails of defendant Tyma, althought Plaintiff requested him (defendant judge Dolan) to disqualify himself from this case No. 03 M1-159148, defendant Dolan maliciously threatened Plaintiff's safety by abusing his power under color of state law and pursuant to his authority as the judge of Cook County Circuit Court of Illinois State, in order to cover up his ex parte relationships with his buddies defendant Tyma and defendant Scott Pollock.

Defendant Tyma and defendant Pollock never reported defendant Dolan's misconducts in

the case No. 03 M1-159148, never requested defendant Dolan to disqualify himself (defendant Dolan) from the case No. 03 M1-159148; obviously, defendants Tyma and Pollock are the active ex parte buddies with defendant judge Dolan.

9. Plaintiff timely listed Ms. Stultz and Ms. Yan in his Intake Form on May 12, 2005 when defendant presided this No. 03 M1-159148 for the trial. They were the critical witnesses in this case, because they hired attorney Scott Pollock on August 1, 2002 but were deceived by defendant Scott Pollock; they paid huge money $2000 to defendant Scott Pollock to hire defendant Scott Pollock to represent Plaintiff for releasing from illegal detention, but defendant Pollock cheated them and refused to work for release.

However, prior to the trial in 2006, defendant Dolan suddenly barred these witnesses Ms. Stultz and Ms. Yan to testify in the trial without a reason, and barred Plaintiff to call these two witnesses to come to testify during the trial; defendant Dolan threatened Plaintiff that if Plaintiff called these two witnesses based on Plaintiff's list in the Intake Form, he (defendant judge Dolan) would throw Plaintiff into jail for contempt before the trial begins.

After the trial in 2006, several jurors talked with Plaintiff and asked Plaintiff why he (Plaintiff) could not present his own witness Ms. Stultz and Ms. Yan to testify since defendant Dolan barred Plaintiff to testify how defendant Pollock cheated Ms. Stultz and Ms. Yan when they hired defendant Pollock. Plaintiff told the jurors that it was defendant Dolan had barred these witnesses Ms. Stultz and Ms. Yan by threatening to throwing Plaintiff into jail if Plaintiff brought these witnesses Ms. Stultz and Ms. Yan to testify in the trial; it was too late for the jurors to know these facts since the trial was over, some jurors even did not know the facts that it was defendant Dolan how barred Ms. Stultz and Ms. Yan to testify.

10. Defendant Dolan illegally confiscated the large quantity documents of Plaintiff's case file, which Chicago Midwest Human Right Organization possessed and turned it to

5

Plaintiff to prevent Plaintiff from investigating the discovery violation by defendant Pollock and defendant Tyma, to favor defendant Tyma and defendant Scott D. Pollock. Until today, defendant Dolan still illegally confiscated these large amounts of documents, which are the critical evidences to prove defendant Pollock's violation of discovery. Defendant Dolan worked as the buddies of defendants Tyma and Pollock in the courtroom 1503 of Cook County Circuit Court of Illinois State under color of state law and pursuant to his authority as the judge of Cook County Circuit Court of Illinois State.

11. Defendant Dolan illegally barred Plaintiff to cross-examine the witnesses of attorney Mivalla of Chicago Midwest Human Right Organization for the issue of discovery violations of defendant Pollock and defendant Tyma, to favor defendant Tyma and defendant Scott D. Pollock. Defendant Dolan worked as the buddies of defendants Tyma and Pollock in the courtroom 1503 of Cook County Circuit Court under color of state law and pursuant to his authority as the judge of Cook County Circuit Court of Illinois State.

12. Defendant Dolan, in advance outside the courtroom before the hearing date, illegally secretly allowed defendant Scott Pollock not to show up the hearing, after defendant Pollock had received the subpoena to testify in that hearing for the issue of his violation of discovery by hiding more 1500-page documents, to favor defendants Tyma and Pollock; defendant judge Dolan also threatened Plaintiff not to continue to follow up the issue of discovery violations of defendant Pollock and defendant Tyma or subpoena defendant Pollock for this discovery violation issue, otherwise he (defendant judge Dolan) would throw Plaintiff into jail for contempt if Plaintiff continued to follow up the issue of discovery violations of defendant Pollock and defendant Tyma.

Defendant Dolan worked as, and for, his buddies of defendant Tyma and defendant Pollock in the courtroom 1503 of Cook County Circuit Court of Illinois State under color of state law and pursuant to his authority as the judge of Cook County Circuit Court of Illinois State.

13. Defendant Dolan illegally barred Plaintiff to use the case law of Westlaw to cross-examine defendant Pollock, to favor defendant Tyma and defendant Scott D. Pollock P.C.' and its owner Scott D. Pollock. Defendant Dolan worked as, and for, his buddies of defendant Tyma and defendant Pollock in the courtroom 1503 of Cook County Circuit Court of Illinois State under color of state law and pursuant to his authority as the judge of Cook County Circuit Court of Illinois State.

14. As the result of the conduct described above, Plaintiff experienced emotional distress, pain and suffering, was damaged by conspiracy and frauds among defendant Dolan and defendant Tyman and defendant Pollock during the trial which should be compensated during the trial of No. 03 M1-159148, incurred expenses, but was harmed by the conspiracy and frauds between defendant Dolan and defendant Tyma as well as Tyma's client defendant Scott D. Pollock P.C.' owner Scott D. Pollock.

**CAUSE OF ACTION**: 42 USC § 1983, frauds, conspiracy.

15. At all times relevant to this cause of action, defendant Francis Dolan was acting under color of state law and pursuant to his authority as the judge of Cook County Circuit Court of Illinois State and with knowledge that his conspiracy and frauds with defendant Stephen Tyma   was the violation of prevailing constitutional law and had benefited defendant Stephen Tyma and defendant Scott D. Pollock P.C., and defendant Scott D. Pollock.

16. Defendant Francis Dolan intentionally and maliciously caused Plaintiff to be deprived of his civil and constitutional rights by confiscating the large amount case file which Chicago Midwest Human Right Organization turned it to Plaintiff, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizure, favored defendants Tyma and Pollock.

17. Because Plaintiff pro se this civil case without a lawyer, if Plaintiff's Complaint is not matched the format of this Court's rules or it is needed to be amended, Plaintiff prays this

7

court to allow Plaintiff to amend his Complaint in the future when this Court reviews his Complaint.

### CLAIMS FOR RELIEF

Wherefore, Plaintiff requests that this Court assume jurisdiction over this cause, grants him compensatory and punitive damages, cost and attorney's fee, and award all other proper relief against defendant.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues in this action.

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read above complaint and that the information contained in the complaint is **true and correct**.

Respectfully Submitted,

Yongping Zhou

Yongping Zhou, Plaintiff
P.O. Box 2649,
Garden City, MI 48136
Telephone: 313-268-8630

Defendant Francis Dolan: 1503 Richard J. Daley Center, Chicago IL 60602; Phone: 312-603-4211, ext to room1503 Francis Dolan.

Defendant Stephen Tyma:  105 W. Madison Ste 2200, Chicago IL 60602; Phone:  312-372-3920.

Defendants Scott D. Pollock and Scott D. Pollock P.C.: 105 W. Madison Ste 2200, Chicago IL 60602; Phone:  312-444-1940.

--- Plaintiff request the Court's assistance in serving process on the defendant.

# YAHOO! MAIL

Print - Close Window

**From:**    "Stephen L. Tyma" <styma@tymalaw.com>

**To:**    "'Zhou, Yong Ping'" <youngping2003@yahoo.com>

**Subject:**    Pollock v. Zhou

**Date:**    Wed, 30 Aug 2006 12:49:12 -0500

Attached as a PDF is a draft of the order I intend to submit to Judge Dolan on August 31, 2006 to reflect his rulings on August 22, 2006 in this case.

Stephen L. Tyma
Stephen L. Tyma, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602-4648
Telephone: (312) 372-3920
Telecopier: (312) 372-3780
E-Mail: styma@tymalaw.com
Web Site: www.tymalaw.com

*****CONFIDENTIALITY NOTICE*****
The information contained in this transmission (including any attachments)
may be confidential or privileged by law. The information is intended only
for the use of the individual or individuals or the entity or entities named
named above. If you are not the intended recipient of this transmission, or
if you are not responsible for delivering some or all of this transmission to
an intended recipient, you have received this transmission in error and you
are hereby notified that any disclosing, copying, distributing, or taking of
any action in reliance on the contents of this transmission is strictly
prohibited. If you have received this e-mail in error, please immediately
(1) notify us by telephoning us at (312) 372-3920 or by replying to this
e-mail and (2) deleting the original and all copies of this transmission
(including any attachments) without reading, saving, using or forwarding
it in any way.

### Attachments

Files:

Order083106.pdf (51k)

*Exhibit 1*

Attorney No. 34564

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | | |
|---|---|---|
| SCOTT D. POLLOCK & ASSOCIATES, P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 M1 159148 |
| | ) | |
| YONG-PIN ZHOU, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER

The matter having come on pursuant to the Court's Order of August 7, 2006 for review of the draft of the Trial Form required by the Court as a preliminary to trial, Defendant-counterplaintiff Yong-Ping Zhou having submitted for the Court's consideration proposed jury instructions which include instructions not only for a counterclaim against Plaintiff Scott D. Pollock & Associates, P.C. ("Plaintiff") but also for a third-party complaint against Scott D. Pollock individually, counsel for Plaintiff having appeared, Defendant having appeared *pro se*, and the Court being duly advised in the premises,

The Court finds as follows:

1.     The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou was personally served with process in Detroit, Michigan on October 28, 2003.

2.     The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou filed an appearance in this matter on November 14, 2003.

3.     The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou on November 14, 2003 filed what is captioned a "Statement of Defense and Counterclaim" in the present case. The two together are a single document, and the counterclaim ("Counterclaim") appears after Mr. Zhou's answer to the Complaint.

4.     The Counterclaim purports to state causes of action against Plaintiff and against Scott D. Pollock individually for legal malpractice, breach of contract, fraud and extortion. The Counterclaim has since been superceded by a Second Amended Counterclaim which was filed on March 11, 2004. The original Counterclaim and the (First) and Second Amended Counterclaims are

03 M1 159148
Order August 31, 2006
Page 1 of 5 pages

*Exhibit 1's attachment (51 K)*

directed to two respondents, Plaintiff and Scott D. Pollock individually. The Second Amended Counterclaim consists of two counts, one sounding in tort for legal malpractice and the second sounding in contract for breach of contract to provide legal services.

5.     The original and superceding Counterclaims consist of claims asserted against Plaintiff Scott D. Pollock & Associates, P.C. as an entity and against Scott D. Pollock in his individual capacity.

6.     As Mr. Pollock is not individually a party to the Complaint, the claims against Mr. Pollock raised in the Counterclaims are matters of third-party proceedings under 735 ILCS 5/2-406.

7.     The original Counterclaim against Plaintiff was timely filed, as it was filed within thirty days after service of process on Mr. Zhou. 735 ILCS 5/2-608(b); Ill. Sup. Ct. Rule 181(a). The third-party matters against Mr. Pollock were timely filed. 735 ILCS 5/2-406(b).

8.     Once Mr. Pollock was added as a third-party defendant by Mr. Zhou, Mr. Zhou was obligated to obtain a summons from the Clerk of the Circuit Court. 735 ILCS 5/2-406(c), 5/2-201. Mr. Zhou was then obligated to place the summons and a copy of his original Counterclaim for service with the Sheriff of the county in Illinois in which Mr. Pollock resides or does business or with another individual authorized to serve process in Illinois. 735 ILCS 5/2-202(a). Because Mr. Zhou is a party to this proceeding, he is disqualified, without exception, from serving a summons and complaint on Mr. Pollock. *Id.*

9.     The Court has requested proof from Mr. Zhou that he obtained a summons for service on Mr. Pollock individually, that he placed the summons and original Counterclaim with an appropriate, authorized person for service on Mr. Pollock, that service was made on Mr. Pollock in the manner prescribed by the Illinois Code of Civil Procedure and the Illinois Supreme Court Rules, or that Mr. Pollock had waived service of process explicitly or by his conduct.

10.     At a hearing in open Court on August 22, 2006, the Court gave Mr. Zhou an opportunity to present proof of the matters described in paragraph 7 above. The only proof which Mr. Zhou tendered to the Court was a copy of the proof of service appended to his original Counterclaim. Mr. Zhou presented no proof that he obtained a summons for service on Mr. Pollock at any time, that such a summons was served on Mr. Pollock in the manner prescribed by 735 ILCS 5/2-202(a) and 2-203, or that Mr. Pollock had waived service of process.

11.     The file maintained by the Circuit Court Clerk for this case reveals that Plaintiff has been represented throughout the pendency of this matter by Stephen L. Tyma, P.C. and that that firm has never filed an appearance or filed any other document in this matter on behalf of Scott D. Pollock as an individual.

12.     The final page of the original Counterclaim consists of a proof of service which

contains the following language:

> I, Yongping Zhou, Counterclaim [*sic*], personally serve [*sic*] a copy of the forgoing [*sic*] APPEARANCE and STATEMENT OF DEFENSE AND COUNTERCLAIM to the attorney of the Counterclaim Respondent, Stephen L. Tyma, P.C., at 105 W. Madison St. Suite 2200, Chicago, IL 60602, on November 14, 2003.
>
> I also personally serve [*sic*] another copy of the forgoing [*sic*] APPEARANCE and STATEMENT OF DEFENSE AND COUNTERCLAIM to Counterclaim Respondent Scott Pollock at 105 W. Madison St. Suite 2200, Chicago, IL 60602, on November 14, 2003.
>
> //S// Yongping Zhou
> Yongping Zhou
> November 14, 2003

The proof of service has no attestation of the type permitted under 735 ILCS 5/1-109, nor does it have any indication that the proof of service was made on oath.

13.    Mr. Zhou has not made service of a summons and the original Counterclaim on Mr. Pollock as an individual third-party defendant in this proceeding. The Court therefore has no jurisdiction over Mr. Pollock as an individual.

14.    The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou has twice attempted to present motions to join Mr. Pollock as a party to this proceeding.

a.    Mr. Zhou's first attempt to join Mr. Pollock was made in what Mr. Zhou styled to be an "Emergency Motion to Juxtapose Scott D. Pollock as Second Counterdefendant to Its Law Firm." That emergency motion was apparently served on counsel for Plaintiff on or near October 23, 2004, and was presented to Judge Michael Thomas Healy of this Circuit on April 22, 2005. Judge Healy entered an Order on April 22, 2005 which struck the emergency motion without prejudice.

b.    Mr. Zhou's second attempt to join Mr. Pollock was made in what Mr. Zhou styled as "Defendant's re-filing of Motion to Juxtapose Scott D. Pollock as Second Counterdefendant to Its Law Firm." That Motion was presented to this Court on July 22, 2005. The Court denied the Motion.

15.    Mr. Zhou has had ample notice that he has not joined Mr. Pollock properly in a manner sufficient for the Court to have obtained jurisdiction over Mr. Pollock in his individual

capacity. While Mr. Zhou is now appearing in this matter *pro se*, he is held to the standard applicable to attorneys who appear before the Court. His Second Amended Complaint was prepared and filed by attorneys who have since withdrawn from representing Mr. Zhou in this matter. His service of his "emergency motion on October 23, 2004, which is after his attorney's withdrew their appearance on his behalf, indicates that Mr. Zhou was aware that neither he nor his attorneys had obtained or served process on Mr. Pollock with respect to the original or amended Counterclaim.

16.    Scott D. Pollock & Associates, P.C. is a professional corporation and, as such, is permitted by Ill. Sup. Ct. Rule 721(a) to "engage in the practice of law in Illinois" provided all of its shareholders, officers, directors and attorney employees are licensed to practice law. Rule 722(b) provides in pertinent part that

> [a]ny attorney who by act or omission causes the corporation, association, limited liability company, or registered limited liability partnership to act in a way which violates standards of professional conduct including any provision of this rule, is personally responsible for such act or omission . . .

17.    The liability for breach of professional standards, or legal malpractice, is joint between an attorney and his firm. *See Old Republic Ins. Co. v. Chuhak & Tecson, P.C.,* 84 F.3d 998, 1002 (7th Cir.1996) (Illinois law). A law firm may be liable on principles of *respondeat superior* if proper facts are alleged to sustain such a claim, but the Second Amended Counterclaim alleges no such facts.

    a.    The initial paragraph of the Second Amended Counterclaim explicitly states that it is directed only to "Scott D. Pollock & Associates, P.C." and indicates that that party is referred to in that pleading by the defined term "Pollock." There is no reference in that initial paragraph, or anywhere else in the Second Amended Counterclaim, to Scott D. Pollock as an individual.

    b.    Count I of the Second Amended Counterclaim, which purports to sound in tort for legal malpractice, does not contain any allegation that Mr. Pollock acted as an agent for Plaintiff, but it only seeks relief from Plaintiff and not from Mr. Pollock for legal malpractice.

    c.    Count II of the Second Amended Counterclaim, which purports to sound in contract, seeks damages for breach of contract from Plaintiff only using the defined term "Pollock."

18.    The record for this case thus reveals that, although Mr. Pollock was named as a third-party defendant in the original Counterclaim, no claims were asserted against him in the Second Amended Counterclaim, which in any case supercedes the original Counterclaim. Therefore, the

record indicates that Mr. Zhou has abandoned his claims against Mr. Pollock as an individual and there is no basis for giving the jury at trial of this cause any instructions which relate to any claims against Mr. Pollock as an individual.

NOW THEREFORE, in light of the foregoing, it is ordered as follows:

1.  Defendant Yong-Ping Zhou is not entitled to have the Court instruct the jury at trial of this cause on any theory of liability which involves Mr. Pollock individually. All proposed instructions which Mr. Zhou has tendered to the Court and which assert individual liability against Mr. Pollock will not be used at trial.

2.  Defendant Yong-Ping Zhou's Second Amended Counterclaim is dismissed for failure to state a claim on which relief may be granted, and Defendant is denied leave to amend his Second Amended Counterclaim.

3.  Defendant Yong-Ping Zhou is only entitled to assert legal malpractice at trial as an affirmative defense to Plaintiff's claims to recover fees from him.

4.  Count II of Defendant Yong-Ping Zhou's Second Amended Counterclaim will be deemed an appropriate denial of the allegations permitted by Ill. Sup. Ct. Rule 133(c).

5.  The trial date of September 19, 2006 for this cause is to stand.

Dated: August 31, 2006

ENTER

_____
Circuit Judge

Order prepared by:

Stephen L. Tyma
Stephen L. Tyma, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
(312) 372-3920
Attorney No. 34564
Attorney for Plaintiff

Z:\Client Files\Current\Litigation\Pollock\Zhou\Order083106.wpd
08302006-0044PM

03 M1 159148
Order August 31, 2006
Page 5 of 5 pages

# YAHOO! MAIL

Print - Close Window

**From:**   "Stephen L. Tyma" <styma@tymalaw.com>

**To:**   "'Zhou, Yong Ping'" <youngping2003@yahoo.com>

**Subject:**   Order for 08/31/06

**Date:**   Wed, 30 Aug 2006 16:51:20 -0500

Mr. Zhou,

After I transmitted the draft order to you earlier today, I made additional changes for the sake of clarity and completeness. A revision of the draft order is attached as a PDF.

Stephen L. Tyma
Stephen L. Tyma, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602-4648
Telephone: (312) 372-3920
Telecopier: (312) 372-3780
E-Mail: styma@tymalaw.com
Web Site: www.tymalaw.com

*****CONFIDENTIALITY NOTICE*****
The information contained in this transmission (including any attachments)
may be confidential or privileged by law. The information is intended only
for the use of the individual or individuals or the entity or entities named
named above. If you are not the intended recipient of this transmission, or
if you are not responsible for delivering some or all of this transmission to
an intended recipient, you have received this transmission in error and you
are hereby notified that any disclosing, copying, distributing, or taking of
any action in reliance on the contents of this transmission is strictly
prohibited. If you have received this e-mail in error, please immediately
(1) notify us by telephoning us at (312) 372-3920 or by replying to this
e-mail and (2) deleting the original and all copies of this transmission
(including any attachments) without reading, saving, using or forwarding
it in any way.

### Attachments

Files:

📎 **Order083106.pdf** (53k)

*Exhibit 2*

Attorney No. 34564

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

SCOTT D. POLLOCK & ASSOCIATES, P.C., )
                                 )
        Plaintiff,            )
                                 )
        v.                   )       No. 03 M1 159148
                                 )
YONG-PIN ZHOU,          )
                                 )
        Defendant       )

## ORDER

The matter having come on pursuant to the Court's Order of August 7, 2006 for review of the draft of the Trial Form required by the Court as a preliminary to trial, Defendant-counterplaintiff Yong-Ping Zhou having submitted for the Court's consideration proposed jury instructions which include instructions not only for a counterclaim against Plaintiff Scott D. Pollock & Associates, P.C. ("Plaintiff") but also for a third-party complaint against Scott D. Pollock individually, counsel for Plaintiff having appeared, Defendant having appeared *pro se*, and the Court being duly advised in the premises,

The Court finds as follows:

1.      The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou was personally served with process in Detroit, Michigan on October 28, 2003.

2.      The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou filed an appearance in this matter on November 14, 2003.

3.      The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou on November 14, 2003 filed what is captioned a "Statement of Defense and Counterclaim" in the present case. The two together are a single document, and the counterclaim ("Counterclaim") appears after Mr. Zhou's answer to the Complaint.

4.      The Counterclaim purports to state causes of action against Plaintiff and against Scott D. Pollock individually for legal malpractice, breach of contract, fraud and extortion. The Counterclaim has since been superceded by a Second Amended Counterclaim which was filed on March 11, 2004. The original Counterclaim and the (First) Amended Counterclaim are directed to two respondents, Plaintiff and Scott D. Pollock individually. The Second Amended Counterclaim consists of two counts, one sounding in tort for legal malpractice and the second sounding in contract for breach of contract to provide legal services.

*Exhibit 2's attachment (53k)*

5.     The original and (First) Amended Counterclaims consist of claims asserted against Plaintiff Scott D. Pollock & Associates, P.C. as an entity and against Scott D. Pollock in his individual capacity.

6.     As Mr. Pollock is not individually a party to the Complaint, the claims against Mr. Pollock raised in the original Counterclaim are matters of third-party proceedings under 735 ILCS 5/2-406.

7.     The original Counterclaim against Plaintiff was timely filed, as it was filed within thirty days after service of process on Mr. Zhou. 735 ILCS 5/2-608(b); Ill. Sup. Ct. Rule 181(a). The third-party matters against Mr. Pollock were timely filed. 735 ILCS 5/2-406(b).

8.     Once Mr. Pollock was added as a third-party defendant by Mr. Zhou in the original Counterclaim, Mr. Zhou was obligated to obtain a summons from the Clerk of the Circuit Court for service on Mr. Pollock. 735 ILCS 5/2-406(c), 5/2-201. Mr. Zhou was then obligated to place the summons and a copy of his original Counterclaim for service with the Sheriff of the county in Illinois in which Mr. Pollock resides or does business or with another individual authorized to serve process in Illinois. 735 ILCS 5/2-202(a). Because Mr. Zhou is a party to this proceeding, he is disqualified, without exception, from serving a summons and complaint on Mr. Pollock. *Id.*

9.     The Court has requested proof from Mr. Zhou that he obtained a summons for service on Mr. Pollock individually, that he placed the summons and original Counterclaim with an appropriate, authorized person for service on Mr. Pollock, that service was made on Mr. Pollock in the manner prescribed by the Illinois Code of Civil Procedure and the Illinois Supreme Court Rules, or that Mr. Pollock had waived service of process explicitly or by his conduct.

10.    At a hearing in open Court on August 22, 2006, the Court gave Mr. Zhou an opportunity to present proof of the matters described in paragraph 9 above. The only proof that Mr. Pollock had been served with anything in his individual capacity in this matter which Mr. Zhou tendered to the Court was a copy of the proof of service appended to his original Counterclaim. Mr. Zhou presented no proof that he obtained a summons for service on Mr. Pollock at any time, that such a summons was served on Mr. Pollock in the manner prescribed by 735 ILCS 5/2-202(a) and 2-203, or that Mr. Pollock had waived service of process.

11.    The file maintained by the Circuit Court Clerk for this case reveals that Plaintiff has been represented throughout the pendency of this matter by Stephen L. Tyma, P.C. and that that firm has never filed an appearance or filed any other document in this matter on behalf of Scott D. Pollock as an individual.

12.    The final page of the original Counterclaim consists of a proof of service which contains the following language:

> I, Yongping Zhou, Counterclaim [*sic*], personally serve [*sic*] a copy of the forgoing [*sic*] APPEARANCE and STATEMENT OF

DEFENSE AND COUNTERCLAIM to the attorney of the Counterclaim Respondent, Stephen L. Tyma, P.C., at 105 W. Madison St. Suite 2200, Chicago, IL 60602, on November 14, 2003.

I also personally serve [sic] another copy of the forgoing [sic] APPEARANCE and STATEMENT OF DEFENSE AND COUNTERCLAIM to Counterclaim Respondent Scott Pollock at 105 W. Madison St. Suite 2200, Chicago, IL 60602, on November 14, 2003.

//S// Yongping Zhou
Yongping Zhou
November 14, 2003

The proof of service has no attestation of the type permitted under 735 ILCS 5/1-109, nor does it have any indication that the proof of service was made on oath.

13.    Mr. Zhou has not made service of a summons and the original Counterclaim on Mr. Pollock as an individual third-party defendant in this proceeding.  The Court therefore never obtained jurisdiction over Mr. Pollock as an individual.

14.    Mr. Zhou filed his Second Amended Counterclaim on March 11, 2004.

15.    At the time the Second Amended Counterclaim was filed, Mr. Zhou was represented by attorneys Patrick Sherlock and James P. Kenny, whose names appear as counsel for Mr. Zhou on the Second Amended Counterclaim.

16.    The initial paragraph of the Second Amended Counterclaim explicitly states that it is directed only to "Scott D. Pollock & Associates, P.C." and indicates that that party is referred to in that pleading by the defined term "Pollock."  There is no reference in that initial paragraph, or anywhere else in the Second Amended Counterclaim, to Scott D. Pollock as an individual, and the defined term "Pollock" in that pleading does not refer to Mr. Pollock as an individual.

17.    Count I of the Second Amended Counterclaim, which purports to sound in tort for legal malpractice, does not contain any allegation that Mr. Pollock acted as an agent for Plaintiff, and the count only seeks relief from Plaintiff and not from Mr. Pollock for legal malpractice.

18.    Count II of the Second Amended Counterclaim, which purports to sound in contract, seeks damages for breach of contract from Plaintiff only using the defined term "Pollock."  It also does not contain any allegation that Mr. Pollock acted as an agent for Plaintiff.

19.    By filing the Second Amended Complaint which did not contain any references to Mr. Pollock individually, Mr. Zhou in effect voluntarily dismissed his claims against Mr. Pollock individually and did not preserve leave to reinstate such claims without leave of court.  *Mozer v. Kerth*, 224 Ill. App.3d 525 (1st Dist. 1992).

20.     The file maintained by the Circuit Court Clerk for this case reveals that, after the Second Amended Counterclaim was filed in this matter, Mr. Zhou twice attempted to present motions to join Mr. Pollock as a party to this proceeding.

a.      Mr. Zhou's first attempt to join Mr. Pollock was made in what Mr. Zhou styled to be an "Emergency Motion to Juxtapose Scott D. Pollock as Second Counterdefendant to Its Law Firm." That "emergency motion" was apparently served on counsel for Plaintiff on or near October 23, 2004, and was presented to Judge Michael Thomas Healy of this Circuit on April 22, 2005. Judge Healy entered an Order on April 22, 2005 which struck the "emergency motion" without prejudice.

b.      Mr. Zhou's second attempt to join Mr. Pollock was made in what Mr. Zhou styled as "Defendant's re-filing of Motion to Juxtapose Scott D. Pollock as Second Counterdefendant to Its Law Firm." That Motion was presented to this Court on July 22, 2005. The Court denied the Motion.

21.     Mr. Zhou has had ample notice that he did not join Mr. Pollock properly in a manner sufficient for the Court to have obtained jurisdiction over Mr. Pollock in his individual capacity and that Mr. Pollock is not named as a counterclaim defendant in the Second Amended Counterclaim. While Mr. Zhou is now appearing in this matter *pro se*, he is held to the standard applicable to attorneys who appear before the Court. His Second Amended Complaint was prepared and filed by attorneys who have since withdrawn from representing Mr. Zhou in this matter. His service of his "emergency motion" on October 23, 2004, which is after his attorney's withdrew their appearance on his behalf, indicates that Mr. Zhou was aware that neither he nor his attorneys had obtained or served process on Mr. Pollock with respect to the original or (First) Amended Counterclaim.

22.     Scott D. Pollock & Associates, P.C. alleges in ¶ 1 of its Complaint that it is a professional corporation. As such, Plaintiff is permitted by Ill. Sup. Ct. Rule 721(a) to "engage in the practice of law in Illinois" provided all of its shareholders, officers, directors and attorney employees are licensed to practice law. Rule 722(b) provides in pertinent part that

> [a]ny attorney who by act or omission causes the corporation, association, limited liability company, or registered limited liability partnership to act in a way which violates standards of professional conduct, including any provision of this rule, is personally responsible for such act or omission . . .

23.     The liability for breach of professional standards, or legal malpractice, is joint between an attorney and his firm. *See Old Republic Ins. Co. v. Chuhak & Tecson, P.C.*, 84 F.3d 998, 1002 (7th Cir.1996) (Illinois law). A law firm may be liable on principles of *respondeat superior* if proper facts are alleged to sustain such a claim, but the Second Amended Counterclaim alleges no such facts.

24.     The record for this case thus reveals that, although Mr. Pollock was named as a third-

party defendant in the original Counterclaim, no claims were asserted against him in the Second Amended Counterclaim, which supercedes the original Counterclaim. Therefore, the record indicates that Mr. Zhou voluntarily abandoned his claims against Mr. Pollock as an individual and that there is no basis for giving the jury at trial of this cause any instructions which relate to any claims against Mr. Pollock as an individual.

NOW THEREFORE, in light of the foregoing, it is ordered as follows:

1.    Defendant Yong-Ping Zhou is not entitled to have the Court instruct the jury at trial of this cause on any theory of liability which involves Mr. Pollock individually. All proposed instructions which Mr. Zhou has tendered to the Court and which assert individual liability against Mr. Pollock will not be used at trial.

2.    Defendant Yong-Ping Zhou's Second Amended Counterclaim is dismissed for failure to state a claim on which relief may be granted, and Defendant is denied leave to amend his Second Amended Counterclaim.

3.    Defendant Yong-Ping Zhou is only entitled to assert legal malpractice at trial as an affirmative defense to Plaintiff's claims to recover fees from him.

4.    Count II of Defendant Yong-Ping Zhou's Second Amended Counterclaim will be deemed an appropriate denial of the allegations permitted by Ill. Sup. Ct. Rule 133(c).

5.    The trial date of September 19, 2006 for this cause is to stand.

Dated: August 31, 2006

ENTER

_____
Circuit Judge

Order prepared by:

Stephen L. Tyma
Stephen L. Tyma, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
(312) 372-3920
Attorney No. 34564
Attorney for Plaintiff

Z:\Client Files\Current\Litigation\Pollock\Zhou\Order083106.wpd
08302006-44447PM

Order August 31, 2006 Case No. 03 M1 159148                                    Page 5 of 5 pages

Attorney No. 34564

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

SCOTT D. POLLOCK & ASSOCIATES, P.C., )
                                             )
           Plaintiff,          )
                                             )
      v.                     )        No. 03 M1 159148
                                             )
YONG-PIN ZHOU,               )
                                             )
          Defendant         )

## ORDER

       The matter having come on pursuant to the Court's Order of August 7, 2006 for review of the draft of the Trial Form required by the Court as a preliminary to trial, Defendant-counterplaintiff Yong-Ping Zhou having submitted for the Court's consideration proposed jury instructions which include instructions not only for a counterclaim against Plaintiff Scott D. Pollock & Associates, P.C. ("Plaintiff") but also for a third-party complaint against Scott D. Pollock individually, counsel for Plaintiff having appeared, Defendant having appeared *pro se*, and the Court being duly advised in the premises,

       The Court finds as follows:

       1.     The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou was personally served with process in Detroit, Michigan on October 28, 2003.

       2.     The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou filed an appearance in this matter on November 14, 2003.

       3.     The file maintained by the Circuit Court Clerk for this case reveals that Mr. Zhou on November 14, 2003 filed what is captioned a "Statement of Defense and Counterclaim" in the present case. The two together are a single document, and the counterclaim ("Counterclaim") appears after Mr. Zhou's answer to the Complaint.

       4.     The Counterclaim purports to state causes of action against Plaintiff and against Scott D. Pollock individually for legal malpractice, breach of contract, fraud and extortion. The Counterclaim has since been superceded by a Second Amended Counterclaim which was filed on March 11, 2004. The original Counterclaim and the (First) Amended Counterclaim are directed to two respondents, Plaintiff and Scott D. Pollock individually. The Second Amended Counterclaim consists of two counts, one sounding in tort for legal malpractice and the second sounding in contract for breach of contract to provide legal services.

*Exhibit 3*

5.     The original and (First) Amended Counterclaims consist of claims asserted against Plaintiff Scott D. Pollock & Associates, P.C. as an entity and against Scott D. Pollock in his individual capacity.

6.     As Mr. Pollock is not individually a party to the Complaint, the claims against Mr. Pollock raised in the original Counterclaim are matters of third-party proceedings under 735 ILCS 5/2-406.

7.     The original Counterclaim against Plaintiff was timely filed, as it was filed within thirty days after service of process on Mr. Zhou. 735 ILCS 5/2-608(b); Ill. Sup. Ct. Rule 181(a). The third-party matters against Mr. Pollock were timely filed. 735 ILCS 5/2-406(b).

8.     Once Mr. Pollock was added as a third-party defendant by Mr. Zhou in the original Counterclaim, Mr. Zhou was obligated to obtain a summons from the Clerk of the Circuit Court for service on Mr. Pollock. 735 ILCS 5/2-406(c), 5/2-201. Mr. Zhou was then obligated to place the summons and a copy of his original Counterclaim for service with the Sheriff of the county in Illinois in which Mr. Pollock resides or does business or with another individual authorized to serve process in Illinois. 735 ILCS 5/2-202(a). Because Mr. Zhou is a party to this proceeding, he is disqualified, without exception, from serving a summons and complaint on Mr. Pollock. *Id.*

9.     The Court has requested proof from Mr. Zhou that he obtained a summons for service on Mr. Pollock individually, that he placed the summons and original Counterclaim with an appropriate, authorized person for service on Mr. Pollock, that service was made on Mr. Pollock in the manner prescribed by the Illinois Code of Civil Procedure and the Illinois Supreme Court Rules, or that Mr. Pollock had waived service of process explicitly or by his conduct.

10.    At a hearing in open Court on August 22, 2006, the Court gave Mr. Zhou an opportunity to present proof of the matters described in paragraph 9 above. The only proof that Mr. Pollock had been served with anything in his individual capacity in this matter which Mr. Zhou tendered to the Court was a copy of the proof of service appended to his original Counterclaim. Mr. Zhou presented no proof that he obtained a summons for service on Mr. Pollock at any time, that such a summons was served on Mr. Pollock in the manner prescribed by 735 ILCS 5/2-202(a) and 2-203, or that Mr. Pollock had waived service of process.

11.    The file maintained by the Circuit Court Clerk for this case reveals that Plaintiff has been represented throughout the pendency of this matter by Stephen L. Tyma, P.C. and that that firm has never filed an appearance or filed any other document in this matter on behalf of Scott D. Pollock as an individual.

12.    The final page of the original Counterclaim consists of a proof of service which contains the following language:

> I, Yongping Zhou, Counterclaim [*sic*], personally serve [*sic*] a copy
> of the forgoing [*sic*] APPEARANCE and STATEMENT OF

> DEFENSE AND COUNTERCLAIM to the attorney of the
> Counterclaim Respondent, Stephen L. Tyma, P.C., at 105 W.
> Madison St. Suite 2200, Chicago, IL 60602, on November 14, 2003.
>
> I also personally serve [*sic*] another copy of the forgoing [*sic*]
> APPEARANCE and STATEMENT OF DEFENSE AND
> COUNTERCLAIM to Counterclaim Respondent Scott Pollock at 105
> W. Madison St. Suite 2200, Chicago, IL 60602, on November 14,
> 2003.
>
> //S// Yongping Zhou
> Yongping Zhou
> November 14, 2003

The proof of service has no attestation of the type permitted under 735 ILCS 5/1-109, nor does it
have any indication that the proof of service was made on oath.

13.    Mr. Zhou has not made service of a summons and the original Counterclaim on Mr.
Pollock as an individual third-party defendant in this proceeding.  The Court therefore never
obtained jurisdiction over Mr. Pollock as an individual.

14.    Mr. Zhou filed his Second Amended Counterclaim on March 11, 2004.

15.    At the time the Second Amended Counterclaim was filed, Mr. Zhou was represented
by attorneys Patrick Sherlock and James P. Kenny, whose names appear as counsel for Mr. Zhou on
the Second Amended Counterclaim.

16.    The initial paragraph of the Second Amended Counterclaim explicitly states that it
is directed only to "Scott D. Pollock & Associates, P.C." and indicates that that party is referred to
in that pleading by the defined term "Pollock."  There is no reference in that initial paragraph, or
anywhere else in the Second Amended Counterclaim, to Scott D. Pollock as an individual, and the
defined term "Pollock" in that pleading does not refer to Mr. Pollock as an individual.

17.    Count I of the Second Amended Counterclaim, which purports to sound in tort for
legal malpractice, does not contain any allegation that Mr. Pollock acted as an agent for Plaintiff, and
the count only seeks relief from Plaintiff and not from Mr. Pollock for legal malpractice.

18.    Count II of the Second Amended Counterclaim, which purports to sound in contract,
seeks damages for breach of contract from Plaintiff only using the defined term "Pollock."  It also
does not contain any allegation that Mr. Pollock acted as an agent for Plaintiff.

19.    By filing the Second Amended Complaint which did not contain any references to
Mr. Pollock individually, Mr. Zhou in effect voluntarily dismissed his claims against Mr. Pollock
individually and did not preserve leave to reinstate such claims without leave of court.  *Mozer v.
Kerth*, 224 Ill. App.3d 525 (1st Dist. 1992).

20.    The file maintained by the Circuit Court Clerk for this case reveals that, after the Second Amended Counterclaim was filed in this matter, Mr. Zhou twice attempted to present motions to join Mr. Pollock as a party to this proceeding.

a.    Mr. Zhou's first attempt to join Mr. Pollock was made in what Mr. Zhou styled to be an "Emergency Motion to Juxtapose Scott D. Pollock as Second Counterdefendant to Its Law Firm." That "emergency motion" was apparently served on counsel for Plaintiff on or near October 23, 2004, and was presented to Judge Michael Thomas Healy of this Circuit on April 22, 2005. Judge Healy entered an Order on April 22, 2005 which struck the "emergency motion" without prejudice.

b.    Mr. Zhou's second attempt to join Mr. Pollock was made in what Mr. Zhou styled as "Defendant's re-filing of Motion to Juxtapose Scott D. Pollock as Second Counterdefendant to Its Law Firm." That Motion was presented to this Court on July 22, 2005. The Court denied the Motion.

21.    Mr. Zhou has had ample notice that he did not join Mr. Pollock properly in a manner sufficient for the Court to have obtained jurisdiction over Mr. Pollock in his individual capacity and that Mr. Pollock is not named as a counterclaim defendant in the Second Amended Counterclaim. While Mr. Zhou is now appearing in this matter *pro se*, he is held to the standard applicable to attorneys who appear before the Court. His Second Amended Complaint was prepared and filed by attorneys who have since withdrawn from representing Mr. Zhou in this matter. His service of his "emergency motion" on October 23, 2004, which is after his attorney's withdrew their appearance on his behalf, indicates that Mr. Zhou was aware that neither he nor his attorneys had obtained or served process on Mr. Pollock with respect to the original or (First) Amended Counterclaim.

22.    Scott D. Pollock & Associates, P.C. alleges in ¶ 1 of its Complaint that it is a professional corporation. As such, Plaintiff is permitted by Ill. Sup. Ct. Rule 721(a) to "engage in the practice of law in Illinois" provided all of its shareholders, officers, directors and attorney employees are licensed to practice law. Rule 722(b) provides in pertinent part that

[a]ny attorney who by act or omission causes the corporation, association, limited liability company, or registered limited liability partnership to act in a way which violates standards of professional conduct, including any provision of this rule, is personally responsible for such act or omission . . .

23.    The liability for breach of professional standards, or legal malpractice, is joint between an attorney and his firm. *See Old Republic Ins. Co. v. Chuhak & Tecson, P.C.,* 84 F.3d 998, 1002 (7th Cir.1996) (Illinois law). A law firm may be liable on principles of *respondeat superior* if proper facts are alleged to sustain such a claim, but the Second Amended Counterclaim alleges no such facts.

24.    The record for this case thus reveals that, although Mr. Pollock was named as a third-

party defendant in the original Counterclaim, no claims were asserted against him in the Second Amended Counterclaim, which supercedes the original Counterclaim. Therefore, the record indicates that Mr. Zhou voluntarily abandoned his claims against Mr. Pollock as an individual and that there is no basis for giving the jury at trial of this cause any instructions which relate to any claims against Mr. Pollock as an individual.

NOW THEREFORE, in light of the foregoing, it is ordered as follows:

1.    Defendant Yong-Ping Zhou is not entitled to have the Court instruct the jury at trial of this cause on any theory of liability which involves Mr. Pollock individually. All proposed instructions which Mr. Zhou has tendered to the Court and which assert individual liability against Mr. Zhou will not be used at trial.

2.    Defendant Yong-Ping Zhou's Second Amended Counterclaim is dismissed for failure to state a claim on which relief may be granted, and Defendant is denied leave to amend his Second Amended Counterclaim.

3.    Defendant Yong-Ping Zhou is only entitled to assert legal malpractice at trial as an affirmative defense to Plaintiff's claims to recover fees from him.

4.    Count II of Defendant Yong-Ping Zhou's Second Amended Counterclaim will be deemed an appropriate denial of the allegations permitted by Ill. Sup. Ct. Rule 133(c).

5.    The trial date of September 19, 2006 for this cause is to stand.

Dated: August 31, 2006

ENTER

_____
Circuit Judge

Order prepared by:

Stephen L. Tyma
Stephen L. Tyma, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
(312) 372-3920
Attorney No. 34564
Attorney for Plaintiff

Z:\Client Files\Current\Litigation\Pollock\Zhou\Order083106.wpd
08302006-0447PM

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

SCOTT D. POLLOCK & ASSOCIATES, P.C., )
                                             )
        Plaintiff-Counterdefendant    )
                                             )
        v.                               )      No. 03 M1-159148
                                           )
YONGPING ZHOU                   )
                                           )
        Defendant-Counterplaintiff    )

## MOTION FOR THE ISSUE OF JUDGE DOLAN'S DISQUALIFY BASED ON ILLINOIS CODE OF JUDICIAL CONDCUT

NOW COMES Defendant-Counterplaintiff, YONGPING ZHOU, and files his MOTION FOR THE ISSUE OF JUDGE DOLAN'S DISQUALIFY BASED ON ILLINOIS CODE OF JUDICIAL CONDCUT, and in support thereof states as follows:

1. Based on Illinois Code of Judicial Conduct, judge should be faithful to law and maintain professional competence in it.

2. In this case, judge Dolan not only showed his open hostility and bias to Counteplaintiff, but also violated the code Code of Judicial Conduct to work as the attorney of Code of Judicial Conduct, for forbidding Counteplaintiff to call witnesses of Ms. Minvalla to testify for the Counterdefendant's violation of Rule 219, forbidding Counteplaintiff's two witnesses of Ms. Stultz and Ms. Yan to testify in the trial for the facts that how they hired Scott Pollock for Counteplaintiff in 08-01-2002 and how they witnessed Counterdefendant's negligent which caused Counteplaintiff loss normal life and suffered and for the facts that they found that Counterdefendant hid huge amount documents in violation of Rule 219 discovery and Judge Hearly June 1, 2004 order in this civil case. See the Affidavits Ms. Stultz and Ms. Yan, Attachment 1, 2.

1

*Exhibit 4*

3. Judge Dolna showed his disqualification since he acted as Counterdefendant's lawyer and tried all his efforts to protect Counterdefendant attorney Scott D. Pollock from being added as second counterdefendant.

4. Judge Dolan violated Illinois Code of Judicial Conduct B(3) to protect Counterdefendant's attorney Tyma by refusing to take appropriate disciplinary measures upon Tyma after Counterplaintiff represented the evidences to judge Dolan for Tyma's misconduct in this civil case that Tyma drafted court order with lies and untrue information, forged this order on August 30, 2006 for next day August 31, 2006 hearing. Here I attach these two evidences: Tyma's two emails. See Attahement 3, 4.

5. How dare attorney Tyma, on August 30, 2006, draft the 08-31-2006 order for next day August 31, 2006 hearing? Is attorney Tyma a prophet who knows what judge Dolan will rule on next day August 31, 2006? Obviously not, it is too suspicious for this order.

6. In this draft order, attorney Tyma used lies to misrepresent the true arguments and rulings which had happened at August 22, 2006 hearing, how dare attorney Tyma write this 08-31-2006 draft order as what court will rule next day at the August 31, 2006 hearing, and how dare attorney Tyma write this 08-31-2006 draft order what Tyma may be and may not be allowed to argue next day at the August 31, 2006 hearing during the final pretrial for trial form and jury instruction, which is not the time to argue something which happened 2 years and ruled by Judge Healy.

7. At August 31, 2006 hearing, judge Dolan accepted this draft order from attorney Tyma and then asked Counteplaintiff to reply. Obviously, judge Dolan had taken this draft as what he wanted it to be drafted, so that he asked Counteplaintiff to reply for it, because Judge didn't express any upset or disagreement when he took it from attorney Tyma.

2

8. Although judge Dolan finally didn't sign it after I exposed the lies in this draft order, it didn't affect the facts that judge Dolan had taken the draft order from attorney Tyma as the order which judge Dolan wanted to rule, then he asked me to review and to reply.

9. Reviewing this draft order, it incited one previous order of August 7, 2006 hearing for reviewing the issue of adding Scott Pollock, it didn't specify anything about what was being argued at August 22, 2006 hearing, obviously this draft order is prepared for the would-be ruling on August 31, 2006 hearing. Obviously it was not prepared for the order about judge Dolan's oral ruling of at August 22, 2006 hearing. This footnote, the date of this draft order indicates that it is for August 31, 2006 hearing. Tyma in his one email called it "Order for 08/31/06".

10. In the hearing August 31, 2006, judge Dolan accepted the draft order and asked Counteplaintiff to reply. judge Dolan didn't refuse to take it from Tyma after judge received it from Tyma's hand; judge Dolan didn't show any upset about Tyma's lies and his drafting after I exposed it was full of lies.

11. Reading this draft order, it is like Counterdefendant's pleading, not like a judge's order. It never reflected any arguments which Counteplaintiff made on and before August 22, 2006. Obviously, just based on this draft order which judge Dolan took and asked Counteplaintiff to reply, judge Dolan acted like Counterdefendant's attorney. It violated Illinois Code of Judicial Conduct C (10)(b), judge Dolan should disqualify himself.

12. During the discovery period, Counteplaintiff had given Counterdefendant these two relevant witnesses' names Ms. Susan Stultz and Ms. Rong Yan, whom Scott Pollock had contacted from 08-01-2002 to 2003.

13. Counterdefendant didn't make deposition upon these two witnesses. Counterdefendant repeatedly informed court and Counteplaintiff that he didn't intend to do any deposition to any witness.

3

14. In intake form, Counteplaintiff listed these two witnesses Ms. Susan Stultz and Ms. Rong Yan on the list, Counterdefendant didn't object.

15. In the trial form, Counterdefendant's Exhibit 3, it proved that Ms. Yan and Ms. Stultz were relevant witnesses, since it were them who hired Scott Pollock on August 1, 2002. Because Counterdefendant listed its Exhibit 3 for trial, these two witnesses Ms. Susan Stultz and Ms. Rong Yan are relevant and should testify in the trial.

16. These two witnesses Ms. Susan Stultz and Ms. Rong Yan are willing to come to testify too. See the Affidavits Ms. Stultz and Ms. Yan, Attachment 1, 2.

17. In their affidavits, they are not only the witnesses who hired Scott Pollock on 08-01-2002, but also the witnesses who contacted Scott Pollock after 08-01-2002 and witnessed Scott Pollock's negligent. In this civil case, they proved that Scott Pollock failed to produce documents and emails which they gave Scott Pollock on and sent to Scott Pollock after 08-01-2002, although Judge Healy ordered Counterdefendant Scott Pollock to produce them. The emails between Scott Pollock and Rong Yan were the proof that Ms. Yan is relevant witness in this case. See Attachment 3.

18. Counterdefendant Scott Pollock's violation of Rule 219 and Judge Healy's June 1, 2004 order was clear proved by the affidavits of these two witnesses Ms. Susan Stultz and Ms. Rong Yan. In 2005, Counteplaintiff had raised enough arguments and evidences to indicate that Scott Pollock only produced 682 pages discovery, but hid over 1500 pages in violation of Rule 219 and Judge Healy's June 1, 2004 order. Later, the affidavit of Ms. Sherrizaan Minvalla proved that Scott Pollock only released to her about 3 inch documents, which were witnessed by another lawyer Lee and Counteplaintiff. All these affidavits and evidences proved Counterdefendant's violation of Rule 219 and Judge Healy's June 1, 2004 order.

19. However judge Dolan refused to obey Rule 219 to sanction Counterdefendant

4

Scott Pollock for Pollock's violation of Rule; when Counteplaintiff issued subpoenas to call relevant witnesses to testify, it was stopped by judge Dolan, who threatened Counteplaintiff's safety for this justified investigation. A judge is an active participant in the adjudicatory process and has a duty to conduct proceedings in an orderly manner so as to elicit the truth and obtain a just result. Based on Code of Judicial Conduct C(1)(b), the disqualification is becoming a critical issue in this matter.

20. In the hearing of September 6, 2006, Counteplaintiff showed Counterdefendant's Exhibit 3 to prove that these two witnesses Ms. Susan Stultz and Ms. Rong Yan relevant and that they will testify what they witnessed Scott Pollock's negligent and caused Counteplaintiff innocently in jail and that they witnessed Counteplaintiff's loss of normal life. But judge Dolan claimed that "The contract speaks itself" and denied them as witness. However the contract could NOT speak in behalf of the relevant witnesses Ms. Susan Stultz and Ms. Rong Yan, they must testify for themselves, it is common sense. In judge Dolan's ruling, he scratched "~~The contract speaks itself~~", but it is exact reason of his denial of these two witnesses Ms. Susan Stultz and Ms. Rong Yan. Based on Code of Judicial Conduct C(1)(b), the disqualification is becoming a critical issue in this matter.

21. Therefore, Ms. Susan Stultz and Ms. Rong Yan should be the witnesses in this case as Counteplaintiff's witnesses. Illinois Pattered Jury Instruction, IPI 5.01 should be in trial form, jury should review the issue of Illinois Pattered Jury Instruction, IPI 5.01 of Counteplaintiff's draft Jury Instruction. But judge Dolan refused to let jury to review the issue of Illinois Pattered Jury Instruction, IPI 5.01.

22. Therefore, there are enough reasons to prove that judge Dolan violated Illinois Code of Judicial Conduct C (10)(b), Illinois Code of Judicial Conduct B(3), thus judge Dolan should disqualify himself.

WHEREFORE, based on Illinois Code of Judicial Conduct C (10)(b), judge Dolan should disqualify himself from this civil case.

Respectfully submitted,

Yongping Zhou

09-12-2006

P.O. BOX 85144
Westland MI 48185

Fax No.: 253-276-8647

## CERTIFICATE OF SERVICE

I, Yongping Zhou, Counterplaintiff, hereby certify that I served a copy of the forgoing RELEVANT WITNESSES' AFFIDAVITS AND THEIR TESTIFYING THAT COUNTERDEFEDNAT'S HIDING DOCUMENTS and by first class to the attorney, Stephen L. Tyma, of the Counterdefendant Scott Pollock and SCOTT D. POLLOCK & ASSOCIATES, P.C., and a courtesy copy to the chamber of 1503 on the filing date.

Yongping Zhou
09-12-2006

6